Entered on Docket
March 06, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KENNETH and LORI TISHGART,       No. 09-13400

                Debtor(s).
_____/

TIMOTHY W. HOFFMAN, Trustee,

                Plaintiff(s),

      v.       A.P. No. 10-1087

KENNETH and LORI TISHGART,

                Defendant(s).
_____/

Memorandum After Trial

    Debtor and defendant Kenneth Tishgart has been an attorney since 1980. At the time he filed his Chapter 7 petition on October 15, 2009, he was a solo practitioner with a personal injury practice. He had numerous contingent fee cases pending at the time, many of which later settled. In this adversary proceeding, plaintiff and Chapter 7 trustee Timothy Hoffman seeks to recover a portion of the fees Tishgart collected on these cases.

    Factually, there are no real disputes. Since his bankruptcy filing, Tishgart has received

1

$148,875.80 in fees on account of personal injury cases which were pending on the date of bankruptcy. Tishgart has admitted that in each of these cases he provided little or no services after the bankruptcy.[1] However, in each case except two the final settlement was reached after bankruptcy so that no fees were due to him on the date of filing except for $3,600.00 in the Ferrer matter (already the subject of summary adjudication) and $14,800.00 in the Brown matter.

The principal point of dispute in this case is over the law. Pursuant to § 541(a)(1) of the Bankruptcy Code, all of a debtor's legal and equitable rights as of the day of filing belong to the bankruptcy estate. Bankruptcy courts look to state law to determine the extent of those rights. *In re Harrell*, 73 F.3d 218, 219 (9th Cir. 1996). Both sides agree that in the case of an attorney the amount which belongs to the estate is that which Tishgart would have been entitled to receive if his employment had been terminated by the client on the date of bankruptcy. However, they disagree as to the amount of that entitlement under state law.

The dispute can be best explained by a hypothetical case in which an attorney worked for ten hours on a case and was then terminated without cause. A second attorney then worked for ten hours and achieved a $100,000.00 settlement. Tishgart argues that the first attorney is entitled to ten hours compensation at his regular hourly rate, so the total compensation if the hourly rate is $200 would be $2,000.00. Hoffman argues that the first attorney did half the work and is therefore entitled to half the fee. For the reasons stated below, the court finds that neither is totally correct but that Hoffman is far more correct than Tishgart.

The leading case on this issue is *In re Jess*, 169 F.3d 1204 (9th Cir.1999). In that case, the court held that because 78% of the work on the contingent-fee case was done before bankruptcy, the bankruptcy estate was entitled to 78% of the ultimate recovery. While this case clearly establishes that division of the fees is based on what is fair and reasonable and undercuts Tishgart's hourly rate

---

[1] Tishgart is deemed to have admitted this by virtue of his failure to deny Hoffman's requests for admission in a timely manner in discovery. The court denied Tishgart's request for relief from the effect of his failure.

2

argument, it does not fully support Hoffman's percentage allocation argument. The court in *Jess* specifically noted that while the attorney there made no attempt to place a greater value on post-petition hours, such a result was possible. 169 F.3d at 1208n4. Because the court in *Jess* left this issue unanswered, the court returns to state law.

The leading California case is *Fracasse v. Brent,* 6 Cal.3d 784 (1972). In that case, the court established the right of a discharged attorney to a fair share of a contingent fee based on principles of fairness, which might well be the entire fee if the first attorney was discharged "on the courthouse steps." 6 Cal.3d at 791. Subsequent California cases make it clear that allocation of contingent fees between attorneys is a matter within the discretion of the court and depending on the circumstances of each case. *Padilla v. McClellan*, 93 Cal.App.4th 1100, 1107 (2001). Such an allocation *might* be made on the basis of time multiplies by an hourly rate, but it could also be a fair percentage share (70/30 in *Padilla*) or something entirely different (e.g. hourly rate plus a bonus in *Patrick v. Dovidio,* 2007 WL 593558 (2007)).

The hourly fee argument urged by Tishgart was specifically rejected in *Cazares v. Saenz*, 208 Cal.App.3d 279, 286-7 (1989). The court there held:

> Because the hourly fee is the prevailing price structure in the legal profession, it is sometimes assumed that the quantum meruit standard applied to legal services includes nothing more than a reasonable hourly rate multiplied by the amount of time spent on the case . . . . [H]owever, this is an overly narrow view of the quantum meruit standard applied in the context of a contingent fee agreement which, through no fault of either party, could not be performed.

In this case, Tishgart is deemed to have admitted that he provided little or no services in the cases at issue after bankruptcy. He has given the court scant basis for differentiating between his prepetition and postpetition work on the cases, which is the only possible basis for avoiding the preclusive effect of *Jess*. The court would be justified in awarding almost all of the fees in question to Hoffman. However, in the spirit of fairness the court will not be quite so harsh.

The court has previously summarily awarded Hoffman the entire $3,600.00 fee in the Ferrer matter. To that, the court will add the entire $14,800.00 fee in the Brown matter, which was

substantially concluded right about the time of the bankruptcy. As to the remaining $130,475.80, the court will award half to Hoffman and half to Tishgart.[2] Hoffman shall therefore have judgment against Tishgart and his wife for $83,637.90, plus interest at the federal legal rate from the filing of the complaint and costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Hoffman shall submit an appropriate form of judgment forthwith.

Dated: March 6, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] In cases commenced well before the bankruptcy, most of the work was prepetition. In cases commenced nearer to the bankruptcy, most of the work was postpetition notwithstanding Tishgart's deemed admissions to the contrary. They pretty much offset each other, so a 50 - 50 split seems fair. The court notes that Tishgart did not keep time records, thereby making it difficult to divine a fair split more precisely.

## CERTIFICATE OF MAILING

The undersigned deputy clerk of the United States Bankruptcy Court for the Northern District of California hereby certifies that a copy of the attached document was mailed to all parties listed below as required by the Bankruptcy Code and Rules of Bankruptcy Procedure.

Dated: March 6, 2012

Wendy Karnes
Deputy Court Clerk

Kenneth Bruce Tishgart
Lori Anne Tishgart
P.O. Box 473
Ross, CA 94957